**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VACILIO AGUILUZ-ARELLANO,
                        *Petitioner,*

            v.

ALBERTO R. GONZALES, Attorney
General,

                        *Respondent.*

No. 03-73856

Agency No.
A92-002-534

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2006*
Pasadena, California

Filed May 1, 2006

Before: David R. Thompson and Thomas G. Nelson,
Senior Circuit Judges, and Ronald M. Gould, Circuit Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

4967

**COUNSEL**

Dario Aguirre, San Diego, California, for petitioner Vacilio Aguiluz-Arellano.

Lyle D. Jentzer, U.S. Department of Justice, Washington, D.C., for respondent Alberto Gonzales.

## OPINION

GOULD, Circuit Judge:

Vacilio Aguiluz-Arellano petitions for review of a final removal order, arguing that the BIA erred in finding that Aguiluz-Arellano's conviction for being under the influence of a controlled substance did not fall within the scope of the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, and therefore that the BIA erred in concluding that Aguiluz-Arellano was removable under 8 U.S.C. § 1227(a)(2)(B)(i). We have jurisdiction, and we deny the petition for review.

## I

Aguiluz-Arellano is a native and citizen of Mexico, and a lawful permanent resident of the United States. In 1997 he was convicted of a misdemeanor violation of California Health and Safety Code section 11377(a) (prohibiting the possession of a controlled substance). Because of that conviction, an Immigration Judge (IJ) found him removable, but granted Aguiluz-Arellano cancellation of removal on April 17, 1998.

On October 25, 2001, Aguiluz-Arellano pled guilty to one misdemeanor violation of California Health and Safety Code section 11550(a) (prohibiting the use of or being under the influence of a controlled substance). The conviction was subject to the Substance Abuse and Crime Prevention Act, CAL. PENAL CODE § 1210, known as Proposition 36. Proposition 36 allows first- and second-time offenders to have their non-violent, simple controlled substances charges dismissed upon successful completion of a drug abuse treatment program.

On November 20, 2001, Aguiluz-Arellano was once more charged with removability under 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled

substance . . . is deportable."). After Aguiluz-Arellano appeared pro se at the removal hearing, the IJ found that Aguiluz-Arellano was removable because of his second conviction for a controlled substance offense, and that Aguiluz-Arellano was not entitled to cancellation of removal because he had received such relief on a previous occasion.

With the assistance of counsel, Aguiluz-Arellano appealed to the BIA. The BIA denied relief, stating:

> Although this appears to be the respondent's first drug offense, his conviction was not for simple possession of a controlled substance. Rather, the respondent was convicted for being under the influence of a controlled substance. As a result, he does not fall within the purview of the FFOA and a finding of deportability pursuant to section 237(a)(2)(B)(i) of the Act is not precluded. The Immigration Judge's finding of deportability shall be affirmed.

The BIA also held that because Aguiluz-Arellano's removal was previously cancelled, he was statutorily ineligible for cancellation of removal a second time.

In his petition for review, Aguiluz-Arellano asserts that the BIA erred in concluding that Aguiluz-Arellano's conviction did not fall within the protections of the FFOA.

## II

In light of the statutory changes effected by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, we first consider our jurisdiction on this petition for review. Title 8 U.S.C. § 1252(a)(2)(C) states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense," including offenses involving controlled substances. However, on May 11, 2005 the President signed into law the

REAL ID Act. Section 106(a)(1)(A)(iii) of the REAL ID Act added a new provision, 8 U.S.C. § 1252(a)(2)(D), which states as follows:

> Nothing in subparagraph (B) or (C), or in any other provision of this Chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

*Id*. We have explained that:

> By this amendment, Congress restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders. It did so by providing that nothing in 8 U.S.C. § 1252(a)(2)(B), (C), or any other provision of the INA shall preclude judicial review of such orders, unless such review is barred by some other provision of 8 U.S.C. § 1252. In short, Congress repealed all jurisdictional bars to our direct review of final removal orders other than those remaining in 8 U.S.C. § 1252 (in provisions other than (a)(2)(B) or (C)) following the amendment of that section by the REAL ID Act.

*Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005) (footnote omitted).

**[1]** Aguiluz-Arellano does not present a constitutional claim, but argues that, as a matter of law, his conviction for being under the influence of a controlled substance is not a conviction for purposes of 8 U.S.C. § 1227(a)(2)(B)(i) because it could have been subject to the FFOA if it had been prosecuted in federal court. Because his petition for review presents a question of law, we have jurisdiction to consider it.

## III

BIA findings of fact are reviewed for substantial evidence, and we "must uphold the BIA's finding unless the evidence compels a contrary result." *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of facts are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary."). We review legal determinations of the BIA de novo. *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002).

## IV

**[2]** Aguiluz-Arellano argues that if he had been prosecuted in federal court, his conviction would have been subject to the FFOA, 18 U.S.C. § 3607, and so it is not a conviction for purposes of 8 U.S.C. § 1227(a)(2)(B)(i). We have held that an alien is not removable if his or her conviction was subject to a state rehabilitative statute and the alien, if prosecuted in federal court, would have qualified for treatment under the FFOA. *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000); *Garberding v. INS*, 30 F.3d 1187, 1190 (9th Cir. 1994). However, we have held that if an alien's state court conviction does not fall within the scope of the FFOA, he or she is not entitled to favorable immigration treatment just because his or her conviction is subject to a state rehabilitation statute. *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 812 (9th Cir. 1994); *see also Lujan-Armendariz*, 222 F.3d at 738 ("[I]n *Paredes-Urrestarazu*, a case involving a California pretrial diversion program, we set forth the corollary of the *Garberding* rule, and held that persons found guilty of a drug offense who could *not* have received the benefit of the federal Act were not entitled to receive favorable immigration treatment, even if they qualified for such treatment under state law."). Our precedents "require, as a matter of constitutional equal protection, that the benefits of the Act be extended to aliens whose offenses are expunged under state rehabilitative

laws, provided that they would have been eligible for relief under the Act had their offenses been prosecuted as federal crimes." *Lujan-Armendariz,* 222 F.3d at 749.

**[3]** In its order dismissing Aguiluz-Arellano's appeal, the BIA stated that "this appears to be respondent's first drug offense," even though the IJ found that Aguiluz-Arellano had previously pled guilty to violating California Health and Safety Code section 11377(a), and Aguiluz-Arellano's guilty plea is in the administrative record. Whether we review the BIA's statement that this was Aguiluz-Arellano's first drug offense de novo, as the Government argues, or for substantial evidence, as Aguiluz-Arellano argues, the record shows that this was Aguiluz-Arellano's second controlled substance conviction, and the contrary conclusion is not supported by substantial evidence.

**[4]** Because the conviction for being under the influence was Aguiluz-Arellano's second conviction for a drug offense, the FFOA could not have applied if he had been prosecuted in federal court. *See* 18 U.S.C. § 3607(a) ("If a person found guilty of an offense described in section 404 of the Controlled Substances Act . . . has not, *prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances* . . . the court may . . . place him on probation . . . without entering a judgment of conviction." (emphasis added)). Aguiluz-Arellano's second conviction qualified for treatment under Proposition 36. But because this second conviction could not have qualified for treatment under the FFOA, it must be considered a conviction for the purposes of 8 U.S.C. § 1227(a)(2)(B)(i). *See Paredes-Urrestarazu*, 36 F.3d at 812. Even if an alien's conviction may be dismissed under state law following participation in a substance abuse treatment program, if it is a second conviction for a drug-related offense then the FFOA will provide no relief and it cannot be set forth as a safety net to avoid removal.

**[5]** Our analysis differs from that of the BIA, which concluded that Aguiluz-Arellano's conviction did not fall within the scope of the FFOA because he was convicted of being under the influence of a controlled substance, and the FFOA only applies to convictions for the possession of controlled substances.[1] Although we would have to remand to the BIA if the issue was whether Aguiluz-Arellano qualified for discretionary relief, remand is not required where, as here, the issue is purely legal and it involves an interpretation of the FFOA, a statute which the BIA is not charged with administering. This case requires no further agency expertise or evaluation because our legal conclusion that the FFOA does not apply to Aguiluz-Arellano's second conviction compels the conclusion that he is removable. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (declining to remand for the agency to determine Social Security benefits eligibility when "this case requires no further agency expertise or evaluation, and our decision does not independently create a potentially far-reaching legal precedent."); *see also Ray v. Gonzales*, 439 F.3d 582, 591 (9th Cir. 2006) ("[W]e note that it may be appropriate for us to address the merits of purely legal claims over which the BIA claims no particular expertise and as to which we would not 'intrude upon [a] domain which Congress has exclusively entrusted to an administrative agency.' " (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)) (second alteration in original) (internal quotation marks omitted)).

## V

Because the conviction at issue here was Aguiluz-Arellano's second controlled substance conviction, it could not have qualified for treatment under the FFOA if he had been prosecuted in federal court. Because the FFOA could not have been applied to Aguiluz-Arellano's second offense, his

---

[1]The FFOA only applies to offenses defined in 21 U.S.C. § 844, which states as follows: "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance . . . ."

second conviction is a conviction for a controlled substance offense for which Aguiluz-Arellano is removable, regardless of whether that conviction was later dismissed or expunged pursuant to state law.

**PETITION FOR REVIEW DENIED.**