**Javier GARCIA–CHAVEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73507.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 18, 2006.*

Filed Aug. 22, 2006.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service,

Office of the District Counsel, Seattle, WA, Emily A. Radford, Esq., Gjon Juncaj, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Javier Garcia–Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's final order of removal and requests remand for adjustment of status. Garcia–Chavez argues that he is not removable as an alien convicted of violating "any law or regulation of a State ... relating to a controlled substance," 8 U.S.C. § 1182(a)(2)(A)(i), because the Superior Court of the State of Washington expunged both of his controlled substances convictions pursuant to Washington Revised Code ("WRC") § 9.94A.640.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision de novo, *Aguiluz–Arellano v. Gonzales*, 446 F.3d 980, 982 (9th Cir.2006), and deny the petition for review.

The BIA properly determined that Garcia–Chavez's convictions for unlawful delivery of heroin under WRC § 69.50.401(a)(1) render him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i). Garcia–Chavez's contention that he is eligible for relief from removal and for adjustment of status because his conviction was expunged under

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

WRC § 9.94A.640 is unavailing because he was not convicted of simple possession, *see Dillingham v. INS*, 267 F.3d 996, 1005–07 (9th Cir.2001) (an alien may not be deported where conviction for first-time simple possession of narcotics was expunged under state rehabilitative laws), and because a conviction expunged under WRC § 9.94A.640 remains a conviction for immigration purposes, *see Ramirez–Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir.2002) ("As a general rule, an expunged conviction qualifies as a conviction under the INA."). *See also Aguiluz–Arellano*, 446 F.3d at 983 ("an alien ... is not entitled to favorable immigration treatment just because his or her conviction is subject to a state rehabilitation statute"); *Murillo–Espinoza v. I.N.S.*, 261 F.3d 771, 774 (9th Cir.2001) (for immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law).

Garcia–Chavez's remaining contentions lack merit.

PETITION FOR REVIEW DENIED.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.