Cesar Hernandez–Gallardo, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–56996, 04–75406.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Sept. 15, 2006.

Before: KOZINSKI, O'SCANNLAIN and BYBEE, Circuit Judges.

Cesar HERNANDEZ–GALLARDO, Petitioner—Appellant,

v.

Alberto R. GONZALES, Attorney General, Respondent— Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner–Appellant.

Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, U.S. Attorneys Office, San Diego, CA, for Respondent–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Cesar Hernandez–Gallardo, a citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's denial of his appeal of a removal order by way of a habeas corpus petition in the district court.[1] We dismiss the petition in case number 04–56996, grant the petition in case number 04–75406 and remand to the BIA for further proceedings.

The petitions are properly before us. Hernandez–Gallardo petitioned in district court for a writ of habeas corpus challenging the BIA removal order. Certain non-exhausted issues were transferred to us by the district court as a petition for review (No. 04–75406). As to those, we have jurisdiction pursuant to 8 U.S.C. § 1252. The district court denied the habeas petition over which it retained jurisdiction, rejecting the remaining issues, and Hernandez–Gallardo appealed that denial (No. 04–56996). Hernandez–Gallardo's appeal of the denial of the habeas corpus petition was pending when the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005), was enacted. "[W]e construe [an alien's] habeas petition as if it were a timely filed petition of review with this court. We therefore review the BIA's decision, not the District Court's order." *Cordes v. Gonzales,* 421 F.3d 889, 892 (9th Cir.2005) (citing *Alvarez–Barajas v. Gon-*

1. We previously consolidated the two petitions for the purpose of oral argument; we now consolidate them for disposition, given that they both challenge the same BIA decision.

*zales,* 418 F.3d 1050 (9th Cir.2005)). Thus, we construe the appeal in case number 04–56996 as a petition for review, over which we have jurisdiction pursuant to 8 U.S.C. § 1252.

Because Hernandez–Gallardo has been convicted of two crimes of moral turpitude, our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(C) and (D); *Aguiluz–Arellano v. Gonzales,* 446 F.3d 980, 982 (9th Cir.2006). "The fact that we construe [an alien's] habeas petition as a petition for review does not affect our standard of review." *Alvarez–Barajas,* 418 F.3d at 1053. We review de novo purely legal questions and due process claims presented in a petition for review of a BIA decision. *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004). But, where "the BIA conducts a de novo review and issues its own decision, rather than adopting the IJ's decision as its own, we review the BIA's decision." *Id.; see also Ladha v. INS,* 215 F.3d 889, 895 (9th Cir.2000).

The IJ found Hernandez–Gallardo ineligible for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(a), 8 U.S.C. § 1229b(a). That section allows the Attorney General to cancel the removal of certain permanent resident aliens, provided that the alien: "(1) has been … lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). The IJ found that Hernandez–Gallardo satisfied the first two prongs of this test, but that his robbery conviction made him ineligible for relief as an aggravated felon.

■ The BIA conducted a de novo review of the IJ's decision; thus, we review the opinion of the BIA. The BIA failed to

address, however, the IJ's decision that Hernandez–Gallardo's robbery conviction and sentence of probation with the condition of serving 365 days in the county jail is an aggravated felony. Instead, the BIA concluded that Hernandez–Gallardo is ineligible for cancellation of removal because he failed to meet the seven year continuous residency requirement. In so concluding, the BIA committed a clear error of law. The BIA miscalculated the number of years of continuous residence by starting from the date of admission to lawful permanent residence, rather than the date of admission "in any status," as mandated by § 240A(a)(2). In fact, Hernandez–Gallardo was initially admitted as a temporary resident, and was thus a continuous resident of the United States from August 28, 1987 until July 13, 1996, the date that he committed his second crime of moral turpitude, a period of more than seven years.

■ Hernandez–Gallardo's eligibility for cancellation of removal thus hinges on whether he committed an aggravated felony. Under *INS v. Ventura,* we cannot answer this question "without giving the BIA the opportunity to address the matter in the first instance in light of its own expertise." 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). We therefore remand petition number 04–75406 to the BIA for a determination of whether Hernandez–Gallardo committed an aggravated felony for the purposes of § 240A(a)(2).

■ Hernandez–Gallardo's Due Process claims stemming from the IJ's denial of a requested continuance are premature, as he has not yet demonstrated prejudice, if any. *See United States v. Cerda–Pena,* 799 F.2d 1374, 1378–79 (9th Cir.1986). We lack jurisdiction over those claims, as well as his claims of error that do not invoke constitutional or legal error, and such

claims are therefore dismissed. *See* 8 U.S.C. §§ 1252(a)(2)(C) and (D).

**PETITION GRANTED IN CASE NUMBER 04–75406; REMANDED.**

**PETITION DISMISSED IN CASE NUMBER 04–56996.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.