Ignacio Javier **CAMACHO–MADRIGAL, Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–74816.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2006.*

Filed Oct. 31, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor D. Pradis, City of Industry, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Ira A. Daves, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Ignacio Javier Camacho–Madrigal, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' (BIA) summary affirmance of the decision of an Immigration Judge (IJ) denying him discretionary relief from removal under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994) (repealed 1996). Camacho–Madrigal filed a petition for habeas corpus, which the district court transferred to this court under the REAL ID Act. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review the IJ's decision as the final decision of the agency, *see Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004), and we deny the petition for review.

We decline to remand to the BIA for clarification. The IJ denied relief to Camacho–Madrigal for the sole reason that, after balancing the equities, she declined to exercise her discretion to grant him relief from removal. Summary affirmance, under those circumstances, is appropriate. *See Falcon–Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003). Two statutory provisions divest this court of jurisdiction to consider Camacho–Madrigal's petition. 8 U.S.C. § 1252(a)(2)(B)(ii) precludes us from reviewing certain dis-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cretionary rulings, including orders under § 212(c). Section 1252(a)(2)(C) forecloses appellate review because Camacho–Madrigal was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for his 1992 aggravated felony conviction. However, we retain jurisdiction over petitions for review that raise "colorable constitutional claims or questions of law." *Bazua–Cota v. Gonzales,* 2006 WL 2854382 *1 (9th Cir. Oct.3, 2006); *see also* 8 U.S.C. § 1252(a)(2)(D).

■ Camacho–Madrigal's constitutional argument is that the IJ deprived him of due process because she did not give him a full and fair hearing and was biased against him. *See Reyes–Melendez v. INS,* 342 F.3d 1001, 1006 (9th Cir.2003). A review of the record shows that the IJ provided a full and fair hearing and did not rely on speculation or bias. A number of witnesses testified and the IJ reviewed documentary evidence. An expert witness testified both about Camacho–Madrigal's family ties and the long-term effects on the victim of early sexual abuse. The IJ also gave Camacho–Madrigal several opportunities to explain or clarify his continued denial that he had committed the crime to which he had pled guilty, sexual abuse of a minor under the age of 14. No due process violation occurred. To the extent that Camacho–Madrigal urges this court to weigh the evidence differently than did the IJ, he requests a factual determination that is not within our jurisdiction. *See Aguiluz–Arellano v. Gonzales,* 446 F.3d 980, 982 (9th Cir.2006) (under 8 U.S.C. § 1252(a)(2)(D), court of appeals has jurisdiction to review only constitutional claims and questions of law).

PETITION FOR REVIEW DENIED.