Claudio RAGUCCI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 04–71786, 05–74628.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Feb. 22, 2007.

Claudio Ragucci, Torrence, CA, pro se.

Sung Uk Park, Esq., Law Offices of Sung U. Park, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Marshall Tamor Golding, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Claudio Ragucci, a native and citizen of Italy, petitions for review of two orders of

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals ("BIA"), which dismissed his appeal from an immigration judge's removal order and denied his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, *Aguiluz–Arellano v. Gonzales,* 446 F.3d 980, 982 (9th Cir.2006), and deny the petitions for review.

Ragucci pled guilty to a California controlled substance offense in 1997. This conviction was considered by the immigration judge in the removal order. On March 15, 2004, the BIA dismissed Ragucci's appeal. On April 2, 2004, California authorities expunged Ragucci's conviction. Ragucci's motion to reopen was not filed until March 28, 2005. The BIA's March 15, 2004 order did not violate Ragucci's equal protection or due process rights, because the BIA did not have any evidence of the expungement before it. *See Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1291–92 (9th Cir.2004). Unlike the petitioner in *Cardenas–Uriarte v. INS,* 227 F.3d 1132, 1135 (9th Cir.2000), Ragucci did not file a timely motion bringing the expungement to the BIA's attention. The BIA therefore had no opportunity to apply *Lujan–Armendariz v. INS,* 222 F.3d 728 (9th Cir. 2000), a case in which the petitioner filed a motion to remand after "a significant change in the applicable law occurred." *Id.* at 733.

Reviewing the BIA's denial of Ragucci's motion to reopen for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), we conclude that the BIA did not abuse its discretion by denying the motion as time-barred. The BIA dismissed Ragucci's direct appeal on March 15, 2004. His expungement is dated April 2, 2004. The motion to reopen does not explain why it was not filed until March 28,

2005, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2).

We also reject Ragucci's contention that his due process rights were violated by the BIA's denial of his motion to reopen, as he was not prevented from reasonably presenting his case. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001).

The respondent's motion in No. 04–71786 to strike exhibits that are not in the administrative record is granted. His motion for summary denial in No. 05–74628 is denied as moot.

**PETITIONS FOR REVIEW DENIED.**