**Carlos VALLE–GARCIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71017.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2008.*

Filed March 11, 2009.

Nwabueze C.I. Ezeife, Esquire, Ezeife & Associates, Samuel U. Ogbu, Esquire, Samuel U. Ogbu–Nwobodo, Esquire, Emeziem & Ogbu, LLP, Oakland, CA, for Petitioner.

Theodore Charles Hirt, Keith Ian McManus, Senior Litigation Counsel, Thankful Townsend Vanderstar, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,[**] District Judge.

MEMORANDUM [***]

Carlos Valle–Garcia ("Valle"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction over a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition for review and remand for an exercise of the Attorney General's discretion with regard to cancellation of removal.

We review the BIA's legal determinations de novo. See Aguiluz–Arellano v. Gonzales, 446 F.3d 980, 983 (9th Cir.2006). When, as here, the BIA adopts a portion of the IJ's decision, we review that portion of the IJ's decision as if it were the BIA's. See Molina–Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).

In finding Valle ineligible for cancellation of removal, the IJ did not properly consider how the state court treated the wobbler offense. See Garcia–Lopez v. Ashcroft, 334 F.3d 840, 845 (9th Cir.2003) (holding that a wobbler offense qualified for the petty offense exception when the state court's post-probation actions made the offense a misdemeanor). Valle's sentence of six months in county jail, three years probation, and no future deprivation of rights after post-probationary expungement of the offense falls squarely within the misdemeanor portion of California Penal Code section 245(a)(1). See Cal.Penal Code § 17. Because the maximum sentence under the misdemeanor portion of this statute is one year and Valle was sentenced to six months in county jail, his conviction satisfies the petty offense exception to the crime involving moral turpitude bar to admissibility. See 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

Valle is eligible for cancellation of removal because the IJ has already concluded that he met all other eligibility requirements. However, because the statute providing for cancellation of removal is permissive rather than mandatory, we remand for an exercise of the Attorney General's discretion with regard to cancellation of removal. See 8 U.S.C. § 1229b(b)(1).

**PETITION GRANTED; REMANDED for further proceedings.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.