**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JUAN RAMIREZ CAMPOS, | No. 06-71355 |
| Petitioner, | Agency No. A027-570-264 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2011[**]
Pasadena, California

Before: CUDAHY[***], WARDLAW, and W. FLETCHER, Circuit Judges.

Juan Ramirez Campos ("Ramirez"), a citizen and national of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

appeal from the Immigration Judge's ("IJ") order of removal. We review the BIA's legal determinations de novo. *Aguiluz-Arellano v. Gonzales,* 446 F.3d 980, 983 (9th Cir. 2006). When the BIA adopts the IJ's decision, we review the IJ's decision as if it were the BIA's. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA correctly determined that expungement of Ramirez's conviction for possession of marijuana for sale, Cal. Health & Safety Code § 11359, did not eliminate the conviction for immigration purposes. *See Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002) (state expungement of a criminal conviction generally does not remove its consequences in immigration proceedings). Ramirez's conviction under § 11359 for possession for sale is not covered by the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607, which for immigration purposes eliminates only convictions for simple possession. *Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1136 (9th Cir. 2000) ("The Federal First Offender Act requires a plea or conviction of possession of a controlled substance, as described in 21 U.S.C. § 844."), *overruled in part on other grounds by Nunez-Reyes* v. *Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc). Thus, Ramirez's § 11359 conviction renders him inadmissible on the basis of a controlled substance

2

violation, 8 U.S.C. § 1182(a)(2)(A)(i)(II), and ineligible for waiver of inadmissibility under § 1182(h).

Ramirez's claim that he was denied due process because the BIA did not address his § 1182(h) waiver claim lacks merit. The BIA expressly adopted the IJ's decision, which discussed the waiver claim. Moreover, because Ramirez is ineligible for waiver under § 1182(h), he cannot make the necessary showing of prejudice. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 & n.16 (9th Cir. 2003) (an alien "must show prejudice to succeed in a due process challenge").

**DENIED.**