**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEOBARDO FLORES-MONTANO, AKA Leobardo Flores, AKA Leovardo Flores, AKA Scrappy Moniker, AKA Leobardo Montano, AKA Miguel Quinones, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71417 <br><br> Agency No. A200-243-299 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Petitioner Leobardo Flores-Montano ("Flores-Montano") petitions for

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Immigration Judge's (IJ) decision denying him adjustment of status and cancellation of removal. The BIA found that the IJ properly pretermitted the application because Flores-Montano was statutorily ineligible for relief under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, due to his 2004 conviction for possession of a controlled substance in violation of California Health and Safety Code § 11350(a).

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's determination that a controlled substance conviction precludes immigration relief as a matter of law. *Estrada v. Holder*, 560 F.3d 1039, 1041 n.1 (9th Cir. 2009) (citing *Ramirez-Altamirano v. Mukasey*, 554 F.3d 786, 789 (9th Cir. 2009)). The BIA's legal determinations are reviewed de novo. *See Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc); *Aguiluz-Arellano v. Gonzales*, 446 F.3d 980, 983 (9th Cir. 2006).

Because Flores-Montano's drug conviction was in 2004, the prospective rule in *Nunez-Reyes*, 646 F.3d at 694, does not apply. We accordingly apply the reasoning of *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), which extended FFOA relief to expunged state convictions. The FFOA provides that first offenders may be placed "on probation for a term of not more than one year without entering a judgment of conviction" and "if the person has not violated a

2

condition of his probation, the court shall . . . dismiss the proceedings." 18 U.S.C. § 3607(a). However, Flores-Montano conceded, and the record discloses, that he violated his probation multiple times. Thus, Flores-Montano does not qualify for FFOA relief under *Estrada*, 560 F.3d at 1042.

Generally, if the BIA has not addressed a particular issue, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)). However, "remand is not required where, as here, the issue is purely legal and it involves an interpretation of the FFOA, a statute which the BIA is not charged with administering [and the] case requires no further agency expertise or evaluation." *Aguiluz-Arellano*, 446 F.3d at 984; *see also Halim v. Holder*, 590 F.3d 971, 979–80 (9th Cir. 2009). The conclusion that the FFOA does not apply to Flores-Montano's conviction is purely legal, fully supported by the record, and requires no further agency expertise or evaluation. Therefore, Flores-Montano is removable and ineligible for adjustment of status. The petition is **DENIED**.