**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY ADALBERTO VILLAVICENCIO-ROJAS, | No. 13-70620 |
| *Petitioner*, | Agency No. A096-316-079 |
| v. | |
| LORETTA LYNCH, Attorney General *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 11, 2015—Pasadena, California

Filed February 2, 2016

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Jack Zouhary,* District Judge.

Opinion by Judge Zouhary;
Concurrence by Judge Berzon

---

* The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

## SUMMARY[**]

### Immigration

The panel granted Jerry Villavicencio-Rojas' petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's decision holding that Villavicencio's two expunged drug possession convictions retained their immigration consequences and thus barred him from relief from removal.

The panel held that the IJ erred in concluding that Villavicencio's two possession counts barred him from first-offender treatment under the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607(a). The panel held that the two counts, for possession of marijuana and possession of methamphetamine, amounted to a single "offense" under the FFOA, because they arose out of a single event, composed a single criminal case, and triggered a single, undivided sentence.

Concurring, Judge Berzon wrote that although she would reach the same result as the majority, she would find that the language and structure of the FFOA supports the conclusion that it could in narrow circumstances apply to more than one offense.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Paul A. Dulin (argued), Law Office of Paul A. Dulin, Escondido, California; Moby P. DeTorres, Torres Law Firm, San Diego, California, for Petitioner.

Stuart F. Delery, Jesse M. Bless, and Anh-Thu P. Mai-Windle (argued), United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

**OPINION**

ZOUHARY, District Judge:

The Department of Homeland Security ("DHS") charged Petitioner Jerry Villavicencio-Rojas with removability. Villavicencio applied for a status adjustment based on his wife's U.S. citizenship, but an immigration judge found his two prior drug convictions barred him from relief. The Board of Immigration Appeals summarily affirmed. Villavicencio now petitions for review.

I.

Villavicencio, a Guatemalan citizen, entered the United States illegally in 1992. He is married to a U.S. citizen. In October 2008, DHS charged Villavicencio with being present in the United States without admission or parole. Villavicencio conceded removability but sought cancellation of removal and a status adjustment based on his marriage.

Two months later, Villavicencio pled guilty to misdemeanor marijuana possession and methamphetamine

possession under California law. The charges stemmed from a single event on the same day and formed two counts of one criminal case. In January 2009, a state judge sentenced Villavicencio to a total of 180 days in jail for both counts. After his release, Villavicencio successfully petitioned the court to expunge his convictions under Cal. Penal Code §§ 1203.3–1203.4.

Despite this later expungement, an immigration judge found the two convictions retained their immigration consequences and barred Villavicencio from cancellation of removal or adjustment of status. Villavicencio argued the two convictions were excused under the Federal First Offender Act ("FFOA"), 18 U.S.C. § 3607(a), because they stemmed from a single event and were packaged and sentenced together by the state court. The IJ disagreed, concluding that the FFOA applies only to a defendant found guilty of a single possession count involving a single drug. Villavicencio appealed to the BIA, which affirmed the IJ's decision without opinion.

II.

Where, as here, the Board summarily affirms the IJ's decision, this Court reviews the IJ's decision as the final agency action. *Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012). Whether Villavicencio's convictions bar him from discretionary relief is a question of law reviewed *de novo*. *See Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014).

III.

An alien subject to removal may ask the Attorney General to adjust his status "to that of an alien lawfully admitted for permanent residence if the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2). Because an alien convicted of an offense "relating to a controlled substance" is generally inadmissible, the alien bears the burden of showing any such convictions do not bar adjustment of his status or cancellation of removal. *See id.* §§ 1182(a)(2)(A)(i)(II), 1229a(c)(4)(A)(i), 1229b(b)(1)(C).

This Court held in *Lujan-Armendariz v. INS* that expungement under a state law analogous to the FFOA eliminates any immigration consequences that would otherwise stem from that conviction. 222 F.3d 728, 749 (9th Cir. 2000). Though this Court later overruled *Lujan-Armendariz* en banc, it did so only prospectively. *See Nunez-Reyes v. Holder*, 646 F.3d 684, 687 (9th Cir. 2011) (en banc). The parties agree that *Nunez-Reyes* does not bar Villavicencio from relief, as his convictions occurred before 2011.

The FFOA provides individuals found guilty of simple drug possession the opportunity to enter a diversion program and avoid entry of a judgment of conviction. Under 18 U.S.C. § 3607(a), first-offender treatment is available to any "person found guilty of an offense described in section 404 of the Controlled Substances Act" who "has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances" and has not previously received the benefit of first-offender treatment.

The dispute here centers on whether Villavicencio was found guilty of "an offense" given that he pled guilty to two counts of drug possession. Villavicencio argues his two counts should be considered one "offense" because they arose out of a single event, followed by a single criminal case with one case number, and the court sentenced him to 180 days of imprisonment without allocating separate time to each count. Moreover, the parties do not dispute that Villavicencio had not been convicted of a controlled substance offense "prior to the commission of" the two counts. 18 U.S.C. § 3607(a)(1).

The FFOA's purpose supports Villavicencio's position. We previously recognized that the FFOA "permits first-time drug offenders who commit the least serious type of drug offense to avoid the drastic consequences which typically follow a finding of guilt in drug cases." *Lujan-Armendariz*, 222 F.3d at 735. And legislative history suggests the FFOA was intended to avoid "mak[ing] felons of our young men and women who come into contact with drugs on a first occasion." *Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1137 (9th Cir. 2000) (quoting 116 Cong. Rec. 33304 (Sept. 23, 1970) (statement of Rep. Rogers)), *overruled by Nunez-Reyes*, 646 F.3d at 687.

Moreover, we have implicitly acknowledged that multiple counts arising out of the same event are not an absolute bar to first-offender treatment, as the Government suggests. *See, e.g.*, *Rice v. Holder*, 597 F.3d 952, 956–57 (9th Cir. 2010) (allowing first-offender treatment where petitioner was found guilty of two separate drug counts and declining to address the Government's argument that these counts constituted two separate offenses under the FFOA), *overruled by Nunez-Reyes*, 646 F.3d at 695.

Neither of the cases cited by the Government dictate otherwise. *See de Jesus Melendez v. Gonzales*, 503 F.3d 1019 (9th Cir. 2007); *Aguiluz-Arellano v. Gonzales*, 446 F.3d 980 (9th Cir. 2006). They merely hold that first-offender treatment is not available to petitioners who have already been convicted of or received first-offender treatment for an offense committed years before the offense in question – a proposition that is clearly contemplated by the statute and has no bearing on the facts here. *See* 18 U.S.C. § 3607(a)(1)–(2) (restricting FFOA treatment to offenders who "ha[ve] not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances" and "ha[ve] not previously been the subject of a disposition under this subsection").

The IJ erred in concluding Villavicencio's two counts of drug possession would bar him from first-offender treatment under the FFOA. We hold the two counts amount to a single "offense" under the FFOA because they arose out of a single event, composed a single criminal case, and triggered a single, undivided sentence. While he was charged with possession of two different drugs, that alone does not change Villavicencio's status as a first-time drug offender under the FFOA.

IV.

Villavicencio also argues the BIA erred in summarily affirming the IJ's decision. Given the novel issue raised in Villavicencio's appeal, the Board likely should have issued a written opinion. But, as the Government argues, any error here does not require remand for consideration of the issue in the first instance because it "is purely legal and . . . involves an interpretation of the FFOA, a statute which the BIA is not

charged with administering." *Aguiluz-Arellano*, 446 F.3d at 984.

## V.

The petition for review is granted, and the case is remanded to the agency to determine whether Villavicencio is otherwise entitled to discretionary relief.

**GRANTED AND REMANDED.**

BERZON, Circuit Judge, concurring:

I would reach the same result as the majority, but on slightly different reasoning. In my view, the language and structure of § 3607(a) supports the conclusion that the statute can, in narrow circumstances, apply to more than one offense, whether committed at the same time or different times, as long as both conditions in the remainder of the statutory provision are met.

The phrase "an offense described in section 404 of the Controlled Substances Act" is, in my view, most naturally read as identifying the *kind* of offense triggering coverage of the statute, not as limiting the coverage to a single criminal offense. If a statute said that the maximum sentence for "an offense" under a specified provision is X, no one would think that the maximum would not apply to *each* such offense, or that a defendant who committed two such offenses could be subject only to a single maximum, rather than to double the maximum.

This interpretation is reinforced by the provisions that do state the applicable limitations: "If a person found guilty of an offense described in section 404 of the Controlled Substances Act . . . (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and (2) has not previously been the subject of a disposition under this section . . . ." § 3607(a). Read in the context of these limitations, the "an offense" phrase refers to *each* offense of the kind covered — that is, one described in section 404 of the Controlled Substances Act — if the offender meets the statutory criteria — that is, it occurred before conviction of any other controlled substances offense, and the offender was not previously accorded first-offender treatment under § 3607(a). Those criteria are temporal, and so can apply to more than one offense, as long as the timing requirements are met. Had Congress meant to impose as a third limitation that the individual not have committed, or been charged with, another controlled substance offense before commission of the current offense, it could have said that. It didn't.

So, in my view, whether otherwise-covered offenses occurred on one occasion or two does not matter. This interpretation makes sense given the statutory purpose. As the majority recounts, the statute accords its benefits to those who are first offenders at the time of the offense of conviction, meaning that they are not recidivists who have proven unreformed despite their earlier encounter with the criminal justice system. Given that focus, why should it matter whether a defendant was discovered with both marijuana and another drug at the same time or on successive days, or whether the sentence imposed was undivided or specific to each offense, as long as each offense occurred

before any earlier exposure to the criminal justice system, whether a conviction or a diversion?

I note that, as a practical matter, my understanding of the statute and the majority's will not diverge very often. The occasions on which a defendant commits a controlled substance offense and then is arrested for another such offense before the judicial disposition on the first one will not be frequent. But they will occur occasionally.

At a minimum, I would not foreclose the application of § 3607(a)'s first-offender treatment to such an individual. Whether the majority intends to do so or not is hard to say; its opinion can be read as doing so, I fear. I therefore concur in the result, but would rely on my plain-text reading of the applicable statute, not on the majority's more purpose-driven approach.