**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CALDERA-ROBLES, | No. 14-71566 |
| Petitioner, | Agency No. A037-802-357 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2016[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

The Board of Immigration Appeals ordered that Jesus Caldera-Robles be

removed under 8 U.S.C. § 1227(a)(2)(B)(i). We have jurisdiction under 8 U.S.C. §

1252, and we deny Caldera-Robles's petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Caldera-Robles argues that his conviction under California Health & Safety Code § 11550(a) is not a "conviction" for immigration purposes, because he would have qualified for relief from deportation under the Federal First Offender Act, 18 U.S.C. § 3607, had he been prosecuted under federal law. Lujan-Armendariz v. INS, 222 F.3d 728, 749–50 (9th Cir. 2000), overruled prospectively on other grounds by Nunez-Reyes v. Holder, 646 F.3d 684 (9th Cir. 2011) (en banc). "We review de novo the BIA's determination 'that a controlled substance conviction precludes immigration relief as a matter of law.'" Nunez-Reyes v. Holder, 646 F.3d 684, 688 (9th Cir. 2011) (en banc) (quoting Ramirez-Altamirano v. Holder, 563 F.3d 800, 804 (9th Cir. 2009)).

Caldera-Robles was convicted for possession of concentrated cannabis in violation of California Health & Safety Code § 11357(a) in 1990, so his 2005 conviction cannot qualify for Federal First Offender Act treatment. See 18 U.S.C. § 3607(a) (Federal First Offender Act applies to a person who has not previously "been convicted of violating a Federal or State law relating to controlled substances . . . ."); Aguiluz-Arellano v. Gonzales, 446 F.3d 980, 983–84 (9th Cir. 2006) (holding the Federal First Offender Act cannot apply to second controlled substance offense).

Caldera-Robles argues his 1990 conviction was not a removable conviction, because that term was not defined until the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, (IIRIRA) § 322(a)(1), 8 U.S.C. § 1101(a)(48)(a), and it should not have precluded his 2005 conviction from receiving Federal First Offender Act treatment. But the Federal First Offender Act says nothing about the removability of prior convictions, just convictions for "violating a Federal or State law relating to controlled substances . . . ." 18 U.S.C. § 3607(a); see also Aguiluz-Arellano, 446 F.3d at 984. The IIRIRA also provided that the amendment made to 8 U.S.C. § 1101(a)(48)(A), defining "conviction," applied to "convictions and sentences entered before, on, or after the date of the enactment of [the] Act." IIRIRA § 322(c).

The BIA did not abuse its discretion by affirming the IJ's denial of Caldera Robles's motion for a continuance, or by denying his motion for remand. Expungement of his prior convictions did not affect his removability for the 2005 conviction because it was not his first controlled substance offense. See de la Cruz v. INS, 951 F.2d 226, 229 (9th Cir. 1991) (not an abuse of discretion to deny motion for a continuance where petitioner was statutorily ineligible for relief); de Jesus Melendez v. Gonzalez, 503 F.3d 1019, 1023–27 (9th Cir. 2007) (not an

3

abuse of discretion to deny motion for remand where petitioner was statutorily ineligible for relief). And Caldera-Robles's due process claim fails, because the BIA's decision to affirm the denial of his motion for a continuance did not prejudice him. See Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir. 2001). Denying Caldera-Robles's motion for a continuance was not prejudicial because his motion was based on the speculative future possibility of expungement of his first conviction, cf. Sandoval-Luna v. Mukasey, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam), and regardless, he was removable for his 2005 conviction. See id.

Caldera-Robles's petition is **DENIED**.