issue was therefore appropriate. *See* Fed. R.Civ.P. 56(e).

## II. *California's Uniform Fraudulent Transfer Act*

 Howard Ehrenberg, the individual challenging the transfer, failed to introduce any admissible evidence demonstrating that the debtor did not receive "reasonably equivalent value" in exchange for the $500,000 transfer; and that the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer.[1] *See* Cal. Civ.Code § 3439.05; *Mejia v. Reed,* 31 Cal.4th 657, 3 Cal.Rptr.3d 390, 74 P.3d 166, 174–75 (2003) (placing burden of proof on party challenging the transfer); *In re Curry & Sorensen, Inc.,* 112 B.R. 324, 328 (9th Cir. BAP 1990) (same). Summary adjudication in favor of the Foundation on this issue was therefore appropriate.[2] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (explaining that summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *see also Orr v. Bank of Am.,* 285 F.3d 764, 773 (9th Cir.2002); Fed.R.Civ.P. 56(e).

## III. *"Transferee" of the Funds under 11 U.S.C. § 550(a)*

 The only admissible evidence before the bankruptcy court demonstrates that the Foundation acted as a mere agent for CSUF and that the Foundation did not have the right to use the $500,000 as it wished but had to, instead, obtain authorization from CSUF for any expenditure of the funds. This evidence establishes that the Foundation was not a "transferee" of the funds under the meaning of § 550(a). *See In re Incomnet, Inc.,* 463 F.3d 1064, 1070–71 (9th Cir.2006); *In re Bullion Reserve of N. Am.,* 922 F.2d 544, 549 (9th Cir.1991) ("[A]n entity does not have 'dominion over the money' until it is, in essence, 'free to invest the whole [amount] in lottery tickets or uranium stocks.'") (citation omitted). Summary adjudication in favor of the Foundation on this issue was therefore proper.

REVERSED and REMANDED with instructions to reinstate the bankruptcy court's order.

**Eddie PAREDES–PEREZ, Petitioner,**

v.

**Peter D. KEISLER, Acting Attorney General, Respondent.**

**No. 06–71472.**

United States Court of Appeals, Ninth Circuit.

---

Submitted May 16, 2007.*

Filed Oct. 19, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bryan S. Beier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## AMENDED MEMORANDUM **

Eddie Paredes–Perez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). We dismiss the petition for review in part, grant it in part, and remand for further proceedings.

We lack jurisdiction to consider Paredes–Perez's contention regarding *Perez–Gonzalez v. Ashcroft,* 379 F.3d 783 (9th Cir.2004), as he did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

We review legal questions de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and apply the modified categorical approach to Paredes–Perez's conviction under California Health and Safety Code § 11352(a) because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the [federal Controlled Substances Act]." *Ruiz–Vidal v. Gonzales,* 473 F.3d 1072, 1078 (9th Cir.2007). We conclude that the agency erred in relying on Exhibit 2 to establish the basis of Paredes–Perez's conviction because the handwritten "chronological index of court proceedings" is not judicially noticeable and "[c]harging papers alone . . . are never sufficient." *See Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1028 (9th Cir.2005); *United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.2002) (en banc) (rejecting the use of a presentence report indicating that appellant pled guilty as charged "because it does not indicate the source of this information [was one] we have previously deemed acceptable").

The agency also incorrectly relied on Paredes–Perez's "concession of inadmissibility." *See Tokatly v. Ashcroft,* 371 F.3d 613, 623 (9th Cir.2004) ("We decline to modify this court's—and the Board's—strict rules against extra-record of conviction evidence in order to authorize use of an alien's admissions in determining [inadmissibility]. . . ."). Accordingly, we grant the petition for review with respect to Paredes–Perez's charge of inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(II), *see Ruiz–Vidal,* 473 F.3d at 1080 ("here the record on remand would consist only of those documents already in the record"), and remand for further proceedings consistent with this disposition. In light of our decision, we do not reach Paredes–Perez's remaining contentions.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DIS-MISSED in part; GRANTED in part; REMANDED.

---

* Peter D. Keisler, as Acting Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.