FILED

NOT FOR PUBLICATION

FEB 22 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDDIE PAREDES-PEREZ, | No. 13-71408 |
| Petitioner, | Agency No. A071-813-458 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Petitioner Eddie Paredes-Perez, a native and citizen of Guatemala, petitions

for review of the decision of the Board of Immigration Appeals ("BIA") denying

Paredes-Perez's motion to reopen his 1992 removal proceedings. The BIA denied

the motion as untimely. The motion was filed years after the expiration of the 90-

day filing period, and petitioner does not contend that any of the exceptions to that

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

limitation apply. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2)–(3), 1003.23(b)(4).

Paredes-Perez contends that the underlying criminal conviction on which the deportation was based is now unsound because the conviction has been expunged under California's state rehabilitative procedures, and also, because a 2007 decision of this court invalidated the conviction. *See Paredes-Perez v. Keisler*, 252 F. App'x 132 (9th Cir. 2007). Neither contention has merit.

Petitioner has never shown that the expungement vitiated the immigration consequences of the conviction within the meaning of *Lujan-Armendariz v. INS*, 222 F.3d 728, 749–50 (9th Cir. 2000), *overruled in part by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011). This court's 2007 decision held only that in a subsequent removal proceeding, the agency had not relied on appropriate documentation to establish the conviction. It did not vitiate the conviction itself. Petitioner has not provided any plausible justification either for reopening, or for his delay.

The BIA correctly ruled that the motion to reopen was untimely.

Petition for review is **DENIED**.