**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKISHA CALLISTE, | No. 08-71531 |
| Petitioner, | Agency No. A072-789-444 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2011[**]
San Francisco, California

Before:     COWEN[***], TASHIMA, and SILVERMAN, Circuit Judges.

Petitioner Nikisha Calliste ("Petitioner"), a native and citizen of Trinidad

and Tobago, petitions for review of the final decision of the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Appeals dismissing her appeal from a decision of an Immigration Judge ("IJ"). The IJ found her subject to removal from the United States and, due to a narcotics conviction in Arizona, ineligible for relief from removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1.      Petitioner argues that the expungement of her conviction means that, pursuant to the Federal First Offender Act (the "FFOA"), it may not render her ineligible for relief from removal. *See* 18 U.S.C. § 3607(c). Petitioner's conviction and expungement were under Arizona law. This court recently reversed its prior position that expunged state drug convictions must be treated the same as federal drug convictions expunged under the FFOA. However, that reversal is prospective only, so that our prior rule extending FFOA treatment to expunged state convictions theoretically could apply to Petitioner's conviction. *Nunez-Reyes v. Holder*, No. 05-74350, 2011 WL 2714159, at *3, *8 (9th Cir. July 14, 2011) (en banc); *see Lujan-Armendariz v. INS*, 222 F.3d 728, 743 n.24 (9th Cir. 2000).

Because of the nature of Petitioner's offense, however, we may not grant her petition on this basis. In *Nunez-Reyes*, this court made it clear that we may not accord FFOA treatment to crimes that are "not . . . possession crime[s] at all" and that are "qualitatively different from" the crime of simple possession. 2011 WL 2714159, at *8. Petitioner was convicted of "Facilitation of Transportation of

2

Marijuana for Sale."  This is an offense that is qualitatively different from simple possession and "arguably . . . more serious than mere possession."  *Id.*

**2.**　Petitioner also appears to argue that her conviction does not render her ineligible for admission under 8 U.S.C. § 1182(a)(2)(A)(i)(I) (denying admissibility to aliens convicted of "a violation of . . . any law or regulation of a State . . . relating to a controlled substance . . . .").  We lack jurisdiction to hear any such argument, because Petitioner did not raise this issue in her Notice of Appeal or brief to the BIA; thus, she failed to exhaust her administrative remedies with respect to it.  *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).

**3.**　Finally, Petitioner contends that her due process rights were violated when the IJ concluded that the nature of her conviction rendered the protections of the FFOA unavailable to her without first holding the hearing that had been scheduled for October 31, 2006.  Petitioner has a right to procedural due process in the proceedings in her case.  *See, e.g.*, *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005).  However, Petitioner has failed to demonstrate that she was denied a full and fair hearing on her claims and a reasonable opportunity to present her case.  *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006); *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003).  No fewer than five hearings were held on Petitioner's case between November 2005 and September

3

2006. At the hearing held on June 7, 2006, Petitioner's counsel stated to IJ Sarah Burr that she did not expect IJ Burr to conduct a "merits hearing" and apparently acquiesced to a ruling on the parties' submissions alone. An exchange between IJ John Richardson and Petitioner's attorney at the hearing held in September 2006 strongly suggests that Petitioner's attorney expected IJ Richardson to issue a decision based on Petitioner's brief alone and did not object to him doing so.

Petitioner also fails to show that the outcome of the proceedings may have been affected by the alleged due process violation; thus, she has not shown that any actual prejudice resulted. *See Ibarra-Flores*, 439 F.3d at 621. The charging document, plea agreement, and relevant criminal statute were submitted into evidence and considered by the IJ, and Petitioner does not suggest that any additional admissible documents or facts exist. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1012 (9th Cir. 2009).

Accordingly, the petition for review is **DENIED.**