UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REYNA MACIAS,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-70228

Agency No. A079-394-965

ORDER

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Respondent's petition for panel rehearing is granted. The memorandum disposition filed on June 9, 2010, is withdrawn and a superseding memorandum disposition will be filed concurrently with this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYNA MACIAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-70228 <br><br> Agency No. A079-394-965 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Reyna Macias, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc), and we deny the petition for review.

The BIA correctly determined that Federal First Offender Act ("FFOA") treatment is not available for Macias's "under the influence" conviction under Cal. Health & Safety Code § 11550(a). *See Nunez-Reyes*, 646 F.3d at 695 (FFOA exception not available for "under the influence" convictions). As a result, Macias is not eligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(C), adjustment of status, *see* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and 1255(a), or voluntary departure, *see* 8 U.S.C. § 1229c(b)(1)(B).

Macias has waived any challenge regarding the sufficiency of the conviction record. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.4 (9th Cir. 2011) (contentions not raised in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED.**