**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EROS YOLOTZIN BACA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71702<br><br>Agency No. A088-708-079<br><br>MEMORANDUM[*] |
| EROS YOLOTZIN BACA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70834<br><br>Agency No. A088-708-079 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2011
Seattle, Washington

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Eros Baca petitions for review of agency decisions ordering him removed, denying his application for cancellation of removal, and denying his motion to reopen. We grant the petition and remand.

The immigration judge (IJ) pretermitted Baca's application for cancellation of removal on the ground that he had committed a crime involving moral turpitude, which rendered him ineligible for cancellation under 8 U.S.C. § 1229b(b)(1)(C). The IJ did not consider or determine whether Baca was ineligible for cancellation of removal on any other ground. Baca appealed to the Board of Immigration Appeals (BIA), and both his briefing and the government's concerned only whether his crime was one involving moral turpitude.[1] The BIA nevertheless affirmed the IJ's decision to pretermit cancellation of removal on the ground that Baca lacked a qualifying relative, as required by 8 U.S.C. § 1229b(b)(1)(D).[2] But the IJ had taken no evidence

---

[1] Baca was convicted of trademark counterfeiting, Or. Rev. Stat. § 647.145, for posting online an advertisement for an "Imitation Rolex." He was sentenced to one night in jail and $237 in fines.

[2] The BIA's initial decision held in the alternative that Baca was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B), because he had admitted the commission of a crime involving moral turpitude. *See* 8 U.S.C. § 1101(f)(3) (providing that any "member of . . . the class[] of persons" described by 8 U.S.C. § 1182(a)(2)(A) cannot be regarded as having good moral character). As the government concedes, however, the BIA abandoned this rationale in denying Baca's motion to reopen. *See* Gov't Br. at 30 n.15 ("Given the Board's disposition of Baca's motion, the agency determination, as it now stands, is that

(continued...)

on whether Baca had a qualifying relative, and the BIA is not permitted to engage in such fact-finding.[3] 8 C.F.R. § 1003.1(d)(3)(iv); *see Brezilien v. Holder*, 569 F.3d 403, 412 n.3 (9th Cir. 2009). The BIA's *sua sponte* decision to resolve the appeal on this basis was therefore beyond its authority.

The government requests that if we reach this conclusion, we remand. Gov't Br. at 30 n.15. Accordingly, we grant the petition and remand with instructions that the BIA remand to the IJ to determine, in the first instance, whether Baca does have a relative who might enable him to meet the requirements of 8 U.S.C. § 1229b(b)(1)(D). On remand, the IJ may also consider what effect, if any, the pardon issued by the Governor of Oregon for Baca's crime might have on his eligibility for cancellation of removal. *See Aguilera-Montero v. Mukasey*, 548 F.3d 1248 (9th Cir. 2008); *see also Matter of H-*, 6 I. & N. Dec. 90 (BIA 1954); 22 C.F.R. § 40.21(a)(5).

---

[2](...continued)
Baca is ineligible for cancellation of removal only because he does not have a qualifying relative."). We therefore need not consider whether this rationale would support the holding that Baca is ineligible for cancellation of removal.

If we were to consider it, however, we would have serious doubt that it could sustain the BIA's determination. Baca's guilty plea was not an "admission" but simply a route to arriving at a "conviction." *See Dillingham v. INS*, 267 F.3d 996, 1003-04 (9th Cir. 2001), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011). While Baca admits having advertised an imitation Rolex for sale, he denies having "know[n] that Rolex was a registered trademark" or having "made a false statement in order to gain something of value."

[3] We consider this argument notwithstanding that Baca did not raise it in his opening brief. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004).

The panel retains jurisdiction over this matter.

**GRANTED and REMANDED.**