**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR RENE MAGANA-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70380 <br><br> Agency No. A029-171-248 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Edgar Rene Magana-Garcia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

de novo claims of constitutional violations in immigration proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We dismiss in part and deny in part the petition for review.

The BIA denied Magana-Garcia's motion as untimely, and declined to exercise its sua sponte authority to reopen removal proceedings under 8 C.F.R. § 1003.2(a).  We lack jurisdiction to review the BIA's discretionary decision whether to exercise its sua sponte authority.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011).

Magana-Garcia's equal protection challenge to the BIA's refusal to grant reopening is unavailing.  *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011).

Magana-Garcia has waived any challenge to the BIA's determination that he is not entitled to equitable tolling for alleged ineffective assistance of counsel.  *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised in the opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**