GOULD, Circuit Judge,
concurring:
I concur in the outcome of the majority opinion, and could join most of its analysis except for its decision in part III.B.3 to apply the test from Montgomery Ward & Co. v. FTC, 691 F.2d 1322, 1328 (9th Cir. 1982) for when agency decision should be applied retroactively. I also agree with most of the reasoning in the dissent of Judge Paez as to why the retroactivity test of Chevron Oil v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) should be applied rather than Montgomery Ward. But I part company with Judge Paez’s dissent as to its application of the Chevron Oil standard.
I would apply the three-factor test for retroactivity set forth in Chevron Oil to conclude that the rule of In re Briones, 24 I. & N. Dec. 355 (BIA 2007), that we adopt today, should be applied retroactively. We have said that we must apply the Chevron Oil test where “we announce a new rule of law that does not concern our jurisdiction.” Nunez-Reyes v. Holder, 646 F.3d 684, 692 (9th Cir.2011) (en banc) (emphasis added). Even though we now change our interpre *533 tation of the interplay between §§ 1182(a)(9)(G)(i)(I) and 1255® because the Supreme Court, in National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005), has told us to defer to the BIA’s authoritative interpretation of the ambiguities in the INA, it is our court that is announcing a new rule of law for our circuit, not the BIA. Indeed, although Brand X characterizes the subsequent and contrary agency interpretation here as authoritative, the BIA’s interpretation does not become binding in this circuit until we defer to that interpretation. See Nunez-Reyes, 646 F.3d at 692 (“There is no question that our decision today establishes a new principle of law ... by overruling clear past precedent on which litigants may have relied.”) (internal quotation marks and alterations omitted).
Brand X does not transform the nature of our decision into an agency decision. Whether we adopt a new rule because of changed views on a complex analysis of underlying law, or because of a simple flash of insight accepted and followed, or because of our duty to abide Supreme Court precedent, our decision remains a judicial decision. The judicial power under Article III is in the courts, not in an agency with responsibilities relating to the decision.
I would apply the Chevron Oil test to conclude that the rule of Briones that we adopt today should apply retroactively. “The three Chevron Oil factors are: (1) whether the decision establishes a new principle of law; (2) whether retrospective operation will further or retard the rule’s operation in light of its history, purpose, and effect; and (3) whether our decision could produce substantial inequitable results if applied retroactively.” Id. at 692 (internal quotation marks, alterations, and citations omitted). How does that test apply to the circumstances presented here?
First, it is unmistakable that our decision establishes a new principle of law because we overrule clear precedent established by Acosta v. Gonzales, 439 F.3d 550 (9th Cir.2006). Second, I conclude that a “retrospective operation” of the Briones rule would “further ... the rule’s operation in light of its history, purpose, and effect,” because § 1255® aims to give relief to a narrow group of aliens instead of to all those who have been deemed inadmissible for any reason. See Briones, 24 I. & N. Dec. at 359-60. Third, because the BIA clarified its position on the interplay between §§ 1182(a)(9)(C)(i)(I) and 1255® about 21 months after our decision in Acosta, I conclude that our decision here would not produce substantial inequitable results if applied retroactively. See Nunez-Reyes, 646 F.3d at 692-94 (describing a 10-year period during which aliens may have relied on our decision in Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000) to forego their right to a jury trial by pleading guilty to simple possession charge with the expectation of no adverse immigration consequences). As the majority points out, an alien who relied on our decision in Acosta had notice of its vulnerability as soon as Briones was issued. And, unlike in Nunez-Reyes where there was detrimental reliance because the alien waived important constitutional rights by relying on Inojarir-Armendariz which we then overruled, here the main interest implicated is the alien’s prerogative to continue to conceal his unlawful presence, an interest that, the majority points out, is of no legal significance. See Nunez-Reyes, 646 F.3d at 693-94. For these reasons, I conclude that our decision today should apply retroactively, hence my concurrence in the majority’s result.