**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILDARDO ROBLES,

                Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 11-71284

Agency No. A092-548-772

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

    Gildardo Robles, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his motion to reopen.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and review de novo constitutional claims and questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion as untimely, where the motion was filed four years after the deadline to seek relief under former § 212(c) of the Immigration and Nationality Act, s*ee* 8 C.F.R. § 1003.44(h) (the deadline to file a special motion to seek section 212(c) relief is April 26, 2005), and more than 90 days after the final order of removal, *see* 8 C.F.R. § 1003.23(b)(1). Robles's due process contentions are therefore unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

To the extent Robles contends that the April 26, 2005, deadline for filing special motions to reopen should be equitably tolled, we lack jurisdiction over this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We also lack jurisdiction to review the BIA's decision not to exercise its discretionary authority to grant sua sponte reopening. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011).

Roble's equal protection challenge is unavailing. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**