**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNESTO ALONSO HARO-MUNOZ,

Defendant - Appellant.

No. 12-50461

D.C. No. 3:12-cr-02569-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 27, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[**]

Appellant Ernesto Haro-Munoz (Haro-Munoz), who was convicted of

attempted entry after deportation, challenges the district court's denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Paul C. Huck, Senior U.S. District Court Judge for the
Southern District of Florida, sitting by designation.

motion to dismiss the indictment. He collaterally attacks the underlying removal as fundamentally unfair. Haro-Munoz contends his due process rights were violated because: (1) there was no evidence that he received actual notice of the contents of his Form I-860, and (2) agents failed to obtain his signature on the Form I-860. He also contends that he suffered prejudice because it was plausible that an immigration officer would have granted discretionary relief allowing Haro-Munoz to withdraw his application for admission.

To collaterally attack the underlying removal, Haro-Munoz must demonstrate that: (1) he exhausted any available administrative remedies, (2) the proceeding at which the removal order was issued improperly deprived him of the opportunity for judicial review, and (3) "the entry of the order was fundamentally unfair." *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir. 2013).[1] A defendant can meet these requirements by showing that the Immigration Judge failed to inform the alien of his apparent eligibility for relief and that the alien had plausible grounds for relief. *See id.*

We can resolve this case on the second prong of the analysis because it was implausible that an immigration officer would have granted discretionary relief

---

[1] The Government does not dispute that Haro-Munoz has satisfied the first two prongs, and therefore the only element in dispute is whether the underlying removal order was fundamentally unfair.

allowing Haro-Munoz to withdraw his application for admission. As discretionary relief was implausible, any alleged due process violation did not result in prejudice to Haro-Munoz. *See id.* at 1263.

Of the six factors listed in the Inspector's Field Manual (Field Manual) for an immigration officer to consider in evaluating an alien's request for permission to withdraw an application for admission, *see United States v. Barajas-Alvarado*, 655 F.3d 1077, 1090 (9th Cir. 2011), two weigh in favor of Haro-Munoz because there were no prior findings of inadmissibility against him and there is a compelling humanitarian interest in keeping families united. However, four factors weigh against Haro-Munoz. First, Haro-Munoz was caught entering the United States by stealth, not innocently through ignorance, misinformation, or bad advice. Thus, his immigration violation was serious. Second, Haro-Munoz deliberately tried to evade inspection by crossing the Rio Grande River, rather than a port of entry, indicating an intent to violate the law. Third, he was neither a youth nor elderly at age 36, and does not allege that he was in poor health. Last, Haro-Munoz could not easily overcome the grounds of inadmissibility because his common-law wife could not file a I-130 Petition for Alien Relative request until he first obtained an expungement of his felony drug conviction. *See Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1105 (9th Cir. 2011); *see also* 8 U.S.C. §

1182(a)(2)(A)(i)(II); *Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc) (discussing expungement of a conviction "for the purpose of a disqualification").

**AFFIRMED.**