**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO FLORES-HERNA, | No. 11-72135 |
| Petitioner, | Agency No. A076-625-266 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2014[**]
Pasadena, California

Before: TALLMAN, BEA, and FRIEDLAND, Circuit Judges.

Armando Flores-Herna petitions for review of the Board of Immigration

Appeals' decision denying Flores-Herna adjustment of status on account of his

2005 conviction for possessing a controlled substance "while armed with a loaded,

operable firearm." *See* Cal. Health & Safety Code § 11370.1 (1996). Flores-Herna

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argues his conviction is eligible for relief under the safe-harbor provision of the Federal First Offender Act, which requires that a petitioner's conviction be for "possession of drugs, or an equivalent or lesser charge such as possession of drug paraphernalia." *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 812 (9th Cir. 2009), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc); *see also Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1074–75 (9th Cir. 2013). On its face, Flores-Herna's 2005 conviction requires more conduct than mere possession of drugs; the conviction requires possession of drugs while armed with a loaded and operable firearm. The conviction therefore cannot qualify as "possession of drugs, or an equivalent or lesser charge." *Ramirez-Altamirano*, 563 F.3d at 812.

**DENIED.**