**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO DE JESUS ARRIOLA-
CARRILLO, AKA Sergio Arriola-Carrillo,
AKA Sergio Arriola-Carrio,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73220

Agency No. A070-031-599

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2015
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Sergio de Jesus Arriola-Carrillo was convicted of soliciting the commission

of a drug offense. Cal. Penal Code § 653f(d)(1). Such a conviction ordinarily

renders an alien inadmissible. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Arriola-

Carrillo argues that because his state-court solicitation conviction was later

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

expunged, the Federal First Offender Act, 18 U.S.C. § 3607(a), prevents that conviction from serving as the basis of any adverse immigration consequence.

Arriola-Carrillo does not qualify for FFOA treatment. The FFOA applies only to those convicted of simple possession or a lesser offense. *Nunez-Reyes v. Holder*, 646 F.3d 684, 695 (9th Cir. 2011) (en banc). Solicitation is not a lesser offense. Because it does not share the same elements as the federal crime of simple possession, solicitation is "qualitatively different from any federal conviction for which FFOA treatment would be available." *Id*. Further, like the crime of being under the influence in *Nunez-Reyes*, solicitation may "carr[y] an immediate risk of dangerous behavior, which mere possession does not necessarily create." *Id*. The drug trade is notoriously violent, and transactions between would-be buyers and would-be sellers can escalate into dangerous confrontations. Mere possession, by contrast, does not necessarily pose such risks, as the *Nunez-Reyes* court observed. *Id*.

The BIA correctly concluded that Arriola-Carrillo is ineligible for FFOA treatment. The BIA was therefore also correct that although Arriola-Carrillo's conviction was expunged, it nonetheless "remains for immigration purposes," rendering Arriola-Carrillo inadmissible and ineligible for adjustment of status.

**PETITION DENIED.**