**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO CUAHTZIN SARINANA GURIDI, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-71532 <br><br> B.I.A. No. A059-718-823 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 9, 2015; Resubmitted May 28, 2015
Pasadena, California

Before:  GRABER and WARDLAW, Circuit Judges, and SHEA,[**] Senior District
Judge.

Petitioner Marco Cuahtzin Sarinana Guridi, a native and citizen of Mexico

who was a legal permanent resident ("LPR") of the United States, seeks review of a

final order of removal issued by the Board of Immigration Appeals ("BIA").  An

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward F. Shea, Senior United States District Judge for
the Eastern District of Washington, sitting by designation.

immigration judge ("IJ") found Petitioner inadmissible because Petitioner had admitted, at the Calexico West Port of Entry, that he possessed marijuana in the United States. See 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing that an alien is inadmissible if the alien admits having committed a controlled substance offense or having committed an act constituting the essential elements of such an offense). The BIA dismissed Petitioner's appeal, concluding that the evidence that the government submitted—a sworn statement signed by Petitioner—was reliable and that the IJ did not err in finding Petitioner not credible.

1. We lack jurisdiction to consider whether Petitioner was properly placed in removal proceedings as an arriving alien, see 8 U.S.C. § 1101(a)(13)(C)(v) (defining the circumstances under which an alien is regarded as seeking admission), because Petitioner did not exhaust this claim before the BIA. See 8 U.S.C. § 1252(d)(1) (limiting courts' jurisdiction to claims that were exhausted administratively). Contrary to Petitioner's assertion, this claim is not "akin to" an assertion of citizenship, which can be raised at any time because it would deprive the agency of jurisdiction altogether. Whether Petitioner was treated as an arriving alien or as a removable alien, the agency had jurisdiction over the proceeding.

2.  For the same reason, failure to exhaust the claim, we lack jurisdiction to consider whether the IJ's adverse credibility determination is supported by substantial evidence.  Id.

3.  Petitioner was provided with an adequate definition of possession of a controlled substance, 21 U.S.C. § 844(a), before making an admission.  See In re K–, 7 I. & N. Dec. 594, 597 (B.I.A. 1957).  Contrary to Petitioner's suggestion, the definition did not need to identify the particular United States Code section or statute at issue, as that information is unnecessary to defining the crime and its essential elements understandably.

4.  The removal order does not violate Petitioner's right under the Fifth Amendment to receive equal protection of the laws.  Petitioner argues that an LPR who committed the same controlled substance offense to which he admitted, but who had remained in the United States, would not be removable, and that there is no rational reason to distinguish between LPRs who leave the country and attempt to return and LPRs who remain here.  We are not persuaded.

In light of Congress' plenary authority over immigration, "federal classifications distinguishing among groups of aliens are valid unless wholly irrational."  Halaim v. INS, 358 F.3d 1128, 1135 (9th Cir. 2004) (internal quotation marks and alterations omitted).  Such classifications are entitled to a strong

3

presumption of constitutional validity. See Nunez-Reyes v. Holder, 646 F.3d 684, 689 (9th Cir. 2011) (en banc). Here, the disparate treatment is between an individual who left the United States, seeking to return, and an individual who has remained. But "immigration laws can constitutionally 'treat aliens who are already on our soil (and who are therefore deportable) more favorably than aliens who are merely seeking admittance (and who are therefore excludable).'" Alvarez-Garcia v. Ashcroft, 378 F.3d 1094, 1097 (9th Cir. 2004) (alteration omitted) (quoting Servin-Espinoza v. Ashcroft, 309 F.3d 1193, 1198 (9th Cir. 2002)). In other words, Congress' decision to make entering the United States more difficult than remaining here is not wholly irrational.

DISMISSED in part; DENIED in part.