PIERSOL, Senior District Judge,
dissenting:
I respectfully dissent. It is true that the trial court did not apply the possession plus rule with regard to adopted admissions. That rule was not adopted in the Ninth Circuit until the majority opinion in this decision. At the mid-trial voir dire, the trial judge heard Tsachres’ testimony that he never reviewed the PSG Appraisal and found despite his deposition testimony that there was no submissible issue to present to the jury on whether or not the PSG Appraisal was an adoptive admission. Neither the deposition nor the voir dire testimony showed that Tsachres had read or otherwise understood the contents of the PSG Appraisal. The trial court had basis for its conclusion that the rule in the Ninth Circuit required that Tsachres had read or otherwise understood the contents of the PSG Appraisal. United States v. Orellana-Blanco, 294 F.3d 1143, 1148, n. 10 (9th Cir.2002) was relied upon by the trial court, with that case quoting United States v. Monks, 774 F.2d 945, 950 (9th Cir.1985) (before letting in evidence as an adoptive admission, “the district court must find that sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement.”) While Orellana-Bianco and Monks do both involve an oral statement, the requirement of understanding and acceding is common to oral information as well as written. See Sea-Land Serv., Inc. v. Lozen Int’l, LLC, 285 F.3d 808 (9th Cir.2002) (employee incorporated a memorandum into her own e-mail, thus adopting its contents.) Here, the most that the record indicates is that Mr. Tsachres saw the PSG Appraisal, that being his deposition testimony, not that he read or understood the appraisal. His voir dire testimony was that he did not review the PSG Appraisal before giving it in the package he received it in to California Pacific Bank. What Mr. Tsachres did know was that American California Bank had refused him a loan but did provide him with a copy of the PSG Appraisal. California Pacific Bank’s chairman then told Tsachres, “[wjhatever you, have, bring them to me.” and he did.
Since the “possession plus” rule was not applied, it was not an abuse of discretion for the trial court to find that there was no submissible jury question of whether Tsachres understood and acceded to the statements in the PSG Appraisal. Had the “possession plus” rule been applied at trial, then it would have been an abuse of discretion to not submit the adoptive admission question to the jury pursuant to Federal Rule of Evidence 104.
The majority opinion draws a parallel to criminal cases involving willful blindness to *1123 the contents of a document. The willful blindness instruction presents that issue to a jury. The possession plus rule swallows that issue in holding that when a party acts in conformity with the contents of a document, such an action constitutes an adoption of the statements therein even if the party never reviewed the document’s contents.
The “possession plus” rule had not been adopted in this circuit at the time of trial. The new “possession plus” rule should not be applied retroactively. Nunez-Reyes v. Holder, 646 F.3d 684, 694 (9th Cir.2011)(ero banc)(applying Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) for pure prospectivity in a civil case announcing a new rule of law in the circuit with the new rule thus not applied to the pending petition for review).
Accordingly, I respectfully dissent and would affirm.