**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MAURICIO FLORES CARLOS, AKA Mauricio Flores, | No. 11-71149 |
| Petitioner, | Agency No. A096-528-535 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2016 **
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The Board of Immigration Appeals ordered that Mauricio Flores Carlos be removed under 8 U.S.C. § 1227(a)(2)(B)(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny Carlos's petition for review.

The BIA held Carlos was removable because he had been convicted under California Health & Safety Code § 11550(a). Carlos argues that his conviction is not a "conviction" for immigration purposes, because he would have qualified for relief from deportation under the Federal First Offender Act, 18 U.S.C. § 3607, had he been prosecuted under federal law. Lujan-Armendariz v. INS, 222 F.3d 728, 749–50 (9th Cir. 2000), overruled prospectively on other grounds by Nunez-Reyes v. Holder, 646 F.3d 684 (9th Cir. 2011) (en banc). We review the BIA's decision de novo. Nunez-Reyes v. Holder, 646 F.3d 684, 688 (9th Cir. 2011) (en banc).

If Carlos had been prosecuted in federal court, Carlos would not have qualified for First Offender Act treatment. That Act only applies to defendants convicted of simple possession, and Carlos's conviction for "[b]eing under the influence is not a lesser offense to simple possession." Nunez-Reyes, 646 F.3d at 685. We deny Carlos's petition without remanding to the BIA because "the issue is purely legal and it involves an interpretation of the [First Offender Act], a statute

2

which the BIA is not charged with administering." <u>Aguiluz-Arellano v. Gonzales</u>, 446 F.3d 980, 984 (9th Cir. 2006).

Carlos's petition is **DENIED**.