**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN JOSE AMBRIZ-GOMEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-72477

Agency No. A046-297-480

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Juan Jose Ambriz-Gomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision determining that he was removable and denying

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and deny the petition for review.

Ambriz-Gomez does not challenge the agency's determination that his 2004 convictions for possession of methamphetamine in violation of California Health & Safety Code § 11377(a) and for being under the influence of methamphetamine in violation of California Health & Safety Code § 11550(a) constitute controlled substance offenses. Rather, he contends that the convictions should not be deemed convictions for immigration purposes because they were expunged, and because they warrant Federal First Offender Act ("FFOA") treatment.

Ambriz-Gomez concedes that his contention regarding his expunged convictions is foreclosed by our decision in *Ramirez-Castro v. INS*, 287 F.3d 1172 (9th Cir. 2002) (a conviction expunged under California Penal Code § 1203.4 remains a conviction for immigration purposes), and his contention regarding FFOA treatment is foreclosed by our decision in *Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) ("[B]eing under the influence [of a controlled substance] is not a possession crime at all, and it is thus qualitatively different from any federal conviction for which FFOA treatment would be available."). Ambriz-Gomez requests that this court revisit those decisions. However, in the absence of an intervening Supreme Court or en banc decision, "[a] three-judge panel cannot

reconsider or overrule circuit precedent." *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

Accordingly, the agency correctly concluded that Ambriz-Gomez' 2004 convictions rendered him removable for having committed a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i).

**PETITION FOR REVIEW DENIED.**