UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CESAR EDUARDO POSADA
MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-110

Agency No.
A072-291-395

ORDER

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Respondent's unopposed petition for panel rehearing (Dkt. No. 51) is GRANTED to the extent it requests the panel amend the memorandum disposition. The memorandum disposition filed June 6, 2025, is amended by the memorandum disposition filed concurrently with this order. The last sentence of the first paragraph in the disposition is modified to add <, and remand to the BIA for further proceedings in light of this decision> after <we deny the petition in part and grant it in part>. The last sentence in the disposition is modified to add <; REMANDED> after <PETITION DENIED IN PART AND GRANTED IN PART>.

No further petitions for rehearing will be accepted.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CESAR EDUARDO POSADA
MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-110

Agency No.
A072-291-395

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 21, 2025
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Cesar Eduardo Posada Martinez petitions for review of a decision of the Board

of Immigration Appeals ("BIA") that dismissed his appeal from the decision of an

immigration judge ("IJ"). The IJ denied Posada's applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

petition in part and grant it in part, and remand to the BIA for further proceedings in light of this decision.

We review the agency's factual findings for substantial evidence and questions of law de novo. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023).

1. The BIA correctly held that it had jurisdiction even though the initial notice to appear lacked a time and place to appear. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193–94 (9th Cir. 2022) (en banc). To the extent that Posada now raises a claims-processing challenge, he failed to exhaust that issue to the BIA, so we do not consider it. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2. Posada failed to exhaust a challenge to his removability. Although he listed removability in the notice of appeal, his brief to the BIA did not mention the issue. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) ("[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed. Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."). We therefore do not consider removability.

3. The agency did not violate Posada's due process rights. The IJ gave Posada notice that corroboration may be required, and he had ample opportunities to provide corroborating evidence. *See Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011) (holding that, before finding a petitioner not credible due to a lack of corroborating

evidence, the agency must give the petitioner notice and an opportunity to provide corroboration).

4. The BIA erred in holding that Posada was statutorily ineligible for cancellation of removal. The BIA ruled that Posada could not establish the requisite seven years of continuous residence in any status because of his commission of a drug offense in September 2004. *See* 8 U.S.C. § 1229b(a)(2) (continuous residence requirement); *see also id.* § 1229b(d)(1) (stop-time rule terminating the accrual of continuous presence upon the commission of certain offenses). A California state court initially entered a judgment of conviction against Posada but, pursuant to California Penal Code section 1203.4(a), set aside the judgment after Posada successfully completed probation. The BIA concluded that the court's setting aside the judgment of conviction did not affect the immigration consequences of the conviction because it did not meet the requirements specified in *Lujan-Armendariz v. I.N.S.,* 222 F.3d 728 (9th Cir. 2000).

In *Lujan-Armendariz*, we held that the Equal Protection Clause prohibits reliance by an immigration court on "an offense that could have been tried under the [Federal First Offender] Act [("FFOA")], but is instead prosecuted under state law, where the findings are expunged pursuant to a state rehabilitative statute." *Id.* at 749; *see* 18 U.S.C. § 3607(a). We overruled *Lujan-Armendariz* prospectively on July 14, 2011, so *Lujan-Armendariz* applies only to those convicted prior to the date of that

decision. *Nunez-Reyes v. Holder*, 646 F.3d 684, 694 (9th Cir. 2011) (en banc). Because Posada was convicted of his first offense before the publication of *Nunez-Reyes*, the rule established in *Lujan-Armendariz* applies here.

Under the line of cases beginning with *Lujan-Armendariz*, a noncitizen "cannot be deemed 'convicted' for immigration purposes if he can demonstrate that (1) the conviction was his first offense; (2) he had not previously been accorded first offender treatment; (3) his conviction was for possession of drugs[;] . . . and (4) he received relief under a state rehabilitative statute." *Ramirez-Altamirano v. Holder,* 563 F.3d 800, 812 (9th Cir. 2009), *overruled by Nunez-Reyes*, 646 F.3d 684; *see also Lujan-Armendariz*, 222 F.3d at 738, 749; *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277–80 (9th Cir. 2022). Posada meets each of those elements; none of the elements depends on whether he completed a state's separate program for deferred entry of judgment. Although Posada's probation ran after his conviction, and the FFOA contemplates the imposition of "Pre-judgment probation . . . . without entering a judgment of conviction," 18 U.S.C. § 3607(a), *Lujan-Armendariz* itself also involved a post-judgment expungement. 222 F.3d at 735 (explaining that the distinction between a "deferral of [the] conviction itself" and "a judgment of guilt [being] entered, but later erased" is "irrelevant for purpose of the [FFOA]"); *see also id.* at 734 n.11 (noting that Lujan's conviction was set aside after "a formal judgment of conviction"). So we are bound by its holding that equal protection requires that

such petitioners enjoy the benefit of the FFOA. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Because Posada's later-expunged state-law conviction is eligible for treatment under the FFOA, it cannot trigger the stop-time rule barring cancellation of removal.[1]

**PETITION DENIED IN PART AND GRANTED IN PART; REMANDED.** The parties shall bear their own costs on appeal.

---

[1] We have considered the 28(j) letters filed in this appeal. Dkts. 44, 45, 47.